RECEIVED

JUN 2 9 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| OFFSHORE DRILLING CO. INC. | CIVIL ACTION NO. 06-0418 |
| VERSUS | JUDGE MELANÇON |
| WILLIAM JOSEPH FAIRCHILD, JR. | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS
*Rec. Doc. 4*

Before the court is a motion to dismiss filed by defendant Williams Joseph Fairchild, Jr. ("Fairchild"). Plaintiff Offshore Drilling Company ("Offshore Drilling") opposes the motion.[1] For the reasons set forth below, it is recommended that the motion be granted and that this declaratory judgment action be dismissed.

### *Background*

On November 28, 2005, Fairchild was allegedly injured while working for Offshore Drilling on their jackup rig. On March 15, 2006, Offshore Drilling filed the instant declaratory judgment action seeking to determine Offshore Drilling's maintenance and cure obligations to Fairchild.[2] On May 17, 2006, Fairchild filed a petition in the 32nd Judicial District Court Parish of Terrebonne, State of Louisiana under the Savings to Suitors clause, 28 U.S.C. § 1333 and the Jones Act, 46 U.S.C. § 688, seeking damages and maintenance and cure benefits from Offshore

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1.

Drilling for the injuries sustained in the November 28, 2005 accident.[3] On May 25, 2006, Fairchild filed the instant motion to dismiss Offshore Drilling's declaratory judgment action.[4]

## *Contention of the Parties*

Fairchild maintains that the declaratory judgment action must be dismissed because he has chosen to exercise his rights under the Savings to Suitors clause by filing a petition in state court. Offshore Drilling concedes that typically, where a seaman has filed a state court petition, an employer's declaratory judgment action regarding maintenance and cure should be dismissed. Offshore Drilling maintains, however, that Fairchild's state court petition was not properly filed because of service errors and improper venue, and therefore, the court should not dismiss the declaratory judgment action.

## *Legal Analysis*

Under the Declaratory Judgment Act, a district court has a measure of discretion in deciding whether to entertain the action. See to 28 U.S.C. § 2201. However, "the district court's discretion is broad, it is not unfettered." St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir. 1994), citing Travelers Ins. Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774, 778 (5th Cir.1993). The court must consider the following factors in determining whether to entertain a declaratory action: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams Co. v. Holmes County 343 F.3d 383, 387 (5th Cir. 2003).

---

[3] Rec. Doc. 4-3.

[4] Rec. Doc. 4.

There is no dispute that the declaratory action *sub judice* is justiciable. The issue regarding whether maintenance and cure is owed is an actual controversy. Likewise, the authority of the court to grant declaratory relief is not in question. Rather, the issue in this case is whether the court should exercise its discretion to decide or dismiss the case.

Relevant factors the district court must consider in determining whether to dismiss a declaratory judgment, include:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
3) whether the plaintiff engaged in forum shopping in bringing the suit,
4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,
5) whether the federal court is a convenient forum for the parties and witnesses, and
6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy

St. Paul Ins. Co. v. Trejo, 39 F.3d at 590-591.

Offshore Drilling contends that Fairchild's state court action was not properly filed because of service and venue problems, and therefore the first factor weighs in support of the court entertaining the declaratory action because there is no pending state action in which all the matters in controversy may be fully litigated. Offshore Drilling offers no legal authority to support its contention that procedural questions constitute a factor in this analysis. Furthermore, service and venue problems are curable. Offshore Drilling has not shown that either of the challenges have resulted in dismissal of the state court case with prejudice.

Considering that Fairchild has filed a state court case, and that state procedural questions are not relevant, the case should be considered a pending case for the purposes of the instant motion. Since the issue of maintenance and cure will be fully litigated in the state court case, in

addition to other issues that are not presented in the instant federal action, the fact that there is a pending state court case weighs in favor of dismissal.

Moreover, even if no state court suit has been filed, this is not dispositive. Sherwin-Williams Co. 343 F.3d at 394. In Sherwin-Williams Co., the court concluded that a *per se* rule requiring a district court to hear a declaratory judgment action because of the lack of pending state court case is inconsistent with the discretionary authority of the court. The court reasoned that since the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action, the lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action. *See also* Aries Marine Corp. v. Lolly, 2006 WL 681184 (W.D.La. 2006). In Lolly, this court dismissed the declaratory judgment action brought by the seaman's employer contesting maintenance and cure benefits because the totality of the Trejo factors favored dismissal even though plaintiff had not yet filed a state court proceeding.

With regard to whether Offshore Drilling filed suit in anticipation of a lawsuit by Fairchild, whether there was forum shopping, and whether there are possible inequities in allowing the declaratory action to proceed, it is clear that these factors weigh in favor of dismissal. Offshore Drilling filed the instant case less than four months after Fairchild's accident. Moreover, Fairchild was still undergoing treatment at the time Offshore Drilling filed the suit. To allow Offshore Drilling's rush to file the instant suit to take precedence over Fairchild's right under the Savings to Suitors clause to choose the forum, would encourage a "race to the courthouse." Travelers Insurance Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774 (5th Cir. 1993).

Additionally, as pointed out by this court in <u>Lolly</u>, the traditional plaintiff, i.e., the party that was injured, is "generally entitled to choose his forum, and that choice is 'highly esteemed.'" <u>Aries Marine Corp. v. Lolly</u>, 2006 WL 681184 at p. 3, citing <u>Time, Inc. v. Manning</u>, 366 F.2d 690, 698; <u>Peteet v. Dow Chemical Co.</u>, 868 F.2d 1428 (5th Cir. 1989). Furthermore, as a Jones Act seaman, Fairchild has a right to have the state court jury decide all issues, including maintenance and cure. <u>Fitzgerald v. United States Lines Co.</u>, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); <u>Rowan Companies, Inc. v. Blanton</u>, 764 F.Supp. 1090 (E.D.La. 1991). Accordingly, the undersigned concludes that allowing Offshore Drilling's quickly filed action to circumvent Fairchild's right to choose the forum for his suit, and the possible inequities therein, weigh in favor of dismissal.

The final two factors concern whether the federal court is a convenient form and whether retaining the declaratory action would serve the purposes of judicial economy. As Fairchild is a resident of Rapides Parish and Offshore Drilling is a Delaware corporation doing business in the Western District of Louisiana, I find that this court is a convenient forum for both parties. Retaining the declaratory action would not, however, serve the purposes of judicial economy as the pending declaratory action only addresses one issue in the case, maintenance and cure, while this same issue and other issues involving general damages, consortium claims, disability, and loss of earnings and earning capacity would be addressed in state court. Clearly, allowing all issues to be tried at one time would serve judicial economy rather than the piecemeal litigation that would result if the declaratory action is allowed to proceed.

Thus, balancing the <u>Trejo</u> factors, the undersigned finds that Offshore Drilling's preemptive declaratory judgment action should be dismissed. In addition to the <u>Trejo</u> factors

weighing in favor of dismissal, the undersigned notes that dismissal of an employer's preemptive declaratory judgment action regarding maintenance and cure benefits in a maritime personal injury cases is in accord with other cases. *See* Torch, Inc. v. LeBlanc, 947 F.2d 193 (5th Cir. 1991); Rowan Companies, Inc. v. Blanton, 764 F.Supp. 1090 (E.D.La. 1991); Aries Marine Corp. v. Lolly, 2006 WL 681184.

## *Conclusion*

Based on the foregoing, it is RECOMMENDED that defendant's motion to dismiss be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), Fed.R.Civ.P., the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its receipt, or within the time frame authorized by Rule 6(b) Fed.R.Civ.P., shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on June 29, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)